NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 12 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ALASKA OIL AND GAS ASSOCIATION; et al., | No.    16-35380 |
| Plaintiffs-Appellees, | D.C. Nos.    4:14-cv-00029-RRB 4:15-cv-00002-RRB 4:15-cv-00005-RRB |
| v. | |
| WILBUR ROSS,** U.S. Secretary of Commerce; et al., | MEMORANDUM* |
| Defendants-Appellants, | |
| and | |
| CENTER FOR BIOLOGICAL DIVERSITY, | |
| Intervenor-Defendant. | |

| | |
|---|---|
| ALASKA OIL AND GAS ASSOCIATION; et al., | No.    16-35382 |
| Plaintiffs-Appellees, | D.C. Nos.    4:14-cv-00029-RRB 4:15-cv-00002-RRB 4:15-cv-00005-RRB |
| v. | |

*        This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

**        Wilbur Ross is substituted for his predecessor, Penny Pritzker, as U.S. Secretary of Commerce.  Fed. R. App. P. 43(c)(2).

WILBUR ROSS,[**] U.S. Secretary of Commerce; et al.,

   Defendants,

 and

CENTER FOR BIOLOGICAL DIVERSITY,

   Intervenor-Defendant-Appellant.

Appeal from the United States District Court
for the District of Alaska
Ralph R. Beistline, District Judge, Presiding

Argued and Submitted December 4, 2017
Submission Vacated December 5, 2017
Resubmitted February 12, 2018
Seattle, Washington

Before: TALLMAN and WATFORD, Circuit Judges, and BOULWARE,[***] District Judge.

This appeal arises from the National Marine Fisheries Service's ("NMFS") decision to list the Arctic subspecies of the ringed seal (the *Phoca hispida hispida*) as threatened under the Endangered Species Act ("ESA"). The NMFS and other defendants (collectively "Defendants") appeal the district court's grant of summary judgment in favor of Alaska Oil and Gas Association and other plaintiffs

---

  [***] The Honorable Richard F. Boulware II, United States District Judge for the District of Nevada, sitting by designation.

2

(collectively "Plaintiffs"). Defendants argue the district court: (1) misapplied Section 4 of the ESA by requiring long range quantitative data that is not available; (2) erred by considering the agency's decision not to adopt a protective regulation under Section 4(d) of the ESA; and (3) mistakenly ruled that the NMFS finding that the Arctic ringed seal is likely to be in danger of extinction by 2100 because of sea ice loss and other climate change impacts was not supported by the record and was too speculative. We have jurisdiction under 28 U.S.C. § 1291, and now reverse.

**1.** Our recent decision in *Alaska Oil & Gas Ass'n et al. v. Pritzker*, 840 F.3d 671 (9th Cir. 2016), *cert. denied*, — S.Ct. —, 2018 WL 491542 ("*AOGA I*"), controls the outcome of this case. "[U]nder the law-of-the-circuit rule, we are bound by decisions of prior panels unless an en banc decision, Supreme Court decision, or subsequent legislation undermines those [prior] decisions." *Miranda v. Selig*, 860 F.3d 1237, 1243 (9th Cir. 2017) (citation and quotation marks omitted). *AOGA I* addressed the ESA listing of the closely related bearded seals and adjudicated the same issues on appeal in this case. Though we may have reached a different conclusion, we are bound by our court's precedent.

**2.** The district court misapplied ESA § 4 by requiring quantitative data that is not available. The district court cannot require the agency to "wait until it ha[s] quantitative data reflecting the species' decline, its population tipping point, and

3

the exact year in which that tipping point would occur before it could adopt conservation policies to prevent that species' decline." *AOGA I*, 840 F.3d at 683. The Arctic ringed seal is "more likely than not" to become endangered in the foreseeable future. *Id.* at 684. "Uncertainty regarding the speed and magnitude of that adverse impact, however, does not invalidate data presented in the administrative record that reasonably supports the conclusion that loss of habitat at key life stages will likely jeopardize the [Arctic ringed seal's] survival over the next 85 years." *Id.* at 683. It was an error to require more definitive quantitative data about the Arctic ringed seal population and an extinction threshold which misapplied ESA § 4.

**3.** The NMFS's finding—that the Arctic ringed seal was likely to become endangered within the foreseeable future—was reasonable and supported by the record. Like the bearded seals in *AOGA I*, climate change models show the habitat of the Arctic ringed seals to be diminishing as sea ice recedes. *Id*. "[T]he IPCC climate models constitut[e] the best available science and reasonably suppor[t] the determination that a species reliant on sea ice likely would become endangered in the foreseeable future." *Id.* at 679 (citations and quotation marks omitted).

The NMFS's reliance on climate change models that project until 2100 was not arbitrary or capricious. The Final Rule "provided a reasonable and scientifically supported methodology for addressing volatility in its long-term

climate projections, and it represented fairly the shortcomings of those projections—that is all the ESA requires." *Id.* at 680 (citation omitted).  Bound by *AOGA I*, we hold the decision here to list the Arctic ringed seal as threatened was also supported by the record and was not speculative.

**REVERSED and REMANDED.**